## Scammon *v.* Tilton.

A collector of resident, as well as non-resident taxes, is subject to the statutory penalty of five dollars, for taking illegal fees.

A collector of resident taxes is not subject to a statutory penalty of fifty dollars, for taking illegal fees.

Debt. The first count alleged, that in 1847, the selectmen and assessors of Epping, assessed on Sophia Gordon, then a resident of that town, a tax of $68.14, which was duly committed to the defendant to collect, and on the ninth of January, 1850, remained uncollected, except $1.34, which had been paid; that the defendant then took the body of Sophia Gordon, on his warrant, and detained her till she paid the tax; and was entitled to receive as fees for the arrest, twenty-three cents, and no more; but demanded and took one dollar, contrary to the form of the statute; whereby an action accrued to the plaintiff, to have and recover of the defendant fifty dollars.

There were four other counts in the declaration, claiming in each, the same penalty of fifty dollars for different illegal fees, taken in executing the same warrant.

The defendant demurred generally to the declaration.

*Marston* and *McMurphy*, for the defendant, contended that there is no law imposing a penalty of fifty dollars on a collector of taxes, for taking illegal fees ; that the nineteenth section of the forty-sixth chapter of the Revised Statutes, gives the penalty of five dollars, against a collector of resident, as well as of non-resident taxes, and that the provision of chapter 229, giving a penalty of fifty dollars for taking illegal fees, does not apply to the case of a collector of taxes.

*J. S. Wells*, for the plaintiff, maintained that the provision of the statute imposing a penalty of five dollars on the collector for taking illegal fees, is limited to the case of a collector of non-resident taxes, being found in the chapter which regulates the collection of such taxes ; and that the collector of resident taxes, is within the enactment which gives a penalty of fifty dollars, for taking illegal fees for official services. He cited, *Kilby Bank Petitioners, &c.*, 23 Pick., 93 ; *Commonwealth* v. *Kimball*, 24 Pick., 370 ; *Ayers* v. *Knox*, 7 Mass., 306 ; *Jones* v. *Gibson*, 1 N. H. Rep., 270 ; *Fairbanks* v. *Austin*, 2 N. H. Rep., 109 ; *Pike* v. *Jenkins*, 12 N. H. Rep., 255 ; *Jackson* v. *Collins*, 3 Cowen, 89 ; *People* v. *Utica Ins. Co.*, 15 Johns., 280.

PERLEY, J. Chapter 45 of the Revised Statutes provides for the collection of taxes assessed on residents, and in that chapter no penalty is imposed for taking illegal fees. Chapter 46 provides for the collection of taxes assessed on non-residents, and the nineteenth section of that chapter is as follows : " If any collector shall demand or take any other or greater fees than are by law allowed for any services by him rendered, he shall forfeit five dollars to the person sueing therefor." And the twentieth section of chapter 46, defines what shall be understood as real estate in that and the preceding chapter.

Chapter 229 is entitled " Of fees and costs in certain cases," and prescribes the fees of justices of the peace, clerks of courts, attorneys, parties, witnesses, sheriffs, jailors, registers of deeds, town clerks, coroners, constables, jurors, the secretary of State, and notaries public. The twenty-fifth section of that chapter, is as follows :

" If any person shall demand and take any greater fee, for any service, than is allowed by law, or any fee to which he is not by law entitled, he shall forfeit fifty dollars for each offence, to the person who will sue therefor."

If the penalty of five dollars, given in chapter 46, applies to the collection of resident taxes, it is clear and conceded, that the other penalty of fifty dollars cannot also, be recovered for the same offence. The language used in both statutes is general, and broad enough standing by itself, to give both penalties in the case of a collector of resident taxes. But the legislature did not intend to visit the offending collector with more than one punishment for the same crime. To which of these penalties, then, did the legislature intend that the collector of a resident tax should be subject ?

It is to be remarked that the enactment giving the penalty of fifty dollars, cannot have a universal application in its broad literal sense ; for the case of collector of *non-resident* taxes, being otherwise specially provided for, was excepted from the intention of the legislature, as is conceded by the plaintiff; and if the case of the collector of non-resident taxes was not in the contemplation of the legislature, though they used general tems sufficient to reach him, we should more readily infer that the collection of taxes generally, was not meant to be embraced in the provisions of that chapter.

The plaintiff argues, that the penalty of five dollars must be limited to the collector of non-resident taxes, because it is given in the chapter which regulates the collection of such taxes. It will be observed, however, that all the provisions of the forty-sixth chapter, do not relate to the collection of non-resident taxes. The twentieth section extends to both classes of taxes ; and the intention appears to have been, in the end of the two chapters, to make certain provisions respecting the subjects of both, to prevent unnecessary repetition.

The language used, strongly indicates the design to include within the penalty, any and all collectors of taxes. If the legislature meant that the penalty should be limited to the collection of the taxes mentioned in that chapter, it would have been ex-

tremely easy and natural to express that intention plainly, by saying, *such collector* or *the collector of such tax,* instead of saying any collector: that is any collector of taxes; a phraseology, which goes far to exclude any idea of limiting the provision to one class of taxes.

We are unable to perceive any reason or motive of policy that should induce the legislature to place so wide a distinction between the delinquency of a collector who takes illegal fees in the case of a non-resident, and the offence of the same collector, when he takes a like illegal fee of a resident tax payer. Why should he be punished with a penalty of fifty dollars in one case, and go quit for five dollars in the other?

We can see a plain reason, why the legislature should impose a slighter penalty upon an offending collector of taxes, than on a sheriff, or such other public officer. Collectors of taxes are hardly to be looked upon as public officers, who undertake the employment for profit. They perform a necessary and useful service, for small compensation, and are not expected to be so fully informed in their duties as most other officers who take fees. They are bound to collect long lists of small taxes; if by design or by mistake (for no scienter is laid in this declaration, and none is necessary, according to the precedents,) they take illegal fees, however small, in a large number of cases, and are liable in each to a penalty of fifty dollars, the consequences to them would be ruinous.

The act of July 7, 1827, which provided for the collection of resident taxes, chapter 7, § 11, subjected the collector who took fees greater than were allowed by that act, to a penalty of five dollars; and the act of July 4, 1829, relating to the collection of non-resident taxes, gave the same penalty of five dollars against the collector, for taking illegal fees in the collection of a non-resident tax.

Thus, by separate enactments, made at different times, the legislature had fixed the penalty for taking illegal fees, in the collection of taxes, at the same sum, of five dollars. We are wholly at a loss to discover a reason why the legislature, on the general revision of the statutes should change the law in the

manner contended for by the plaintiff. We think there was no such intention, but that the legislature meant the language which they used in the forty-sixth chapter, should be understood in its plain and usual sense, and should reach to the collection of resident, as well as non-resident taxes.

It is said to be a good rule in the interpretation of statutes, to put yourself in the place of the lawgiver, and suppose him to be asked how he meant the law, which he was enacting, should be understood. If the legislature, when they passed these acts, had been asked whether they intended that the collector of a resident tax, should be subject to the same penalty of five dollars, which was inflicted on the collector of a non-resident tax, or the higher penalty of fifty dollars, we cannot doubt they would have answered that they meant to make one general and uniform provision, extending to the collection of all taxes, and to reënact in substance, the existing law on the subject.

*Judgment on the demurrer, for the defendant.*